United States District Court
Southern District of Texas
**ENTERED**
April 01, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID W MEARIS, SPN #01823344, | § § § | |
| Petitioner, VS. | § § § | CIVIL ACTION NO. 4:19-CV-1154 |
| ED GONZALEZ, | § § § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner, David W. Mearis (SPN #01823344), is presently in custody at the Harris County Jail in Houston, Texas. Mearis has filed a petition for a writ of habeas corpus, alleging violations of his constitutional rights in connection with a pending state court criminal proceeding. (Doc. No. 1). After reviewing all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for reasons set forth below.

### I. BACKGROUND

According to the pleadings and available public records, Mearis is currently in custody at the Harris County Jail awaiting trial on charges of felony trafficking of a child, aggravated kidnaping, aggravated assault with a deadly weapon, and compelling prostitution by force or threat of force on Harris County cause numbers 15650970, 15650960, 15113690, and 14943140,

respectively.[1] Those charges are pending against Bailey in the 263rd District Court for Harris County, Texas.[2]

Mearis seeks his immediate release because he contends that he has not seen an attorney in six months and has not had his trial even though he was charged eighteen months ago. He alleges that he has not been in court except for a *Faretta* hearing in September 2018.

## II.     DISCUSSION

To the extent that Mearis seeks a federal writ of habeas corpus, his petition is governed by 28 U.S.C. § 2241, which authorizes review where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). Although Mearis satisfies the first prerequisite for review by virtue of his confinement at the Harris County Jail, he does not satisfy the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or

---

[1] *See* Harris County Sheriff's Office, Jail Information Inquiry, located at: http://harriscountyso.org (last visited Apr. 1, 2019).

[2] *Id.*

collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

State court records confirm that Mearis has not sought either direct or collateral review with the Texas Court of Criminal Appeals.[3] Thus, Mearis has not exhausted available state court remedies. Mearis does not otherwise show that exceptional circumstances are present or that federal court intervention is warranted. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present). The Court concludes, therefore, that the pending federal habeas corpus petition must be dismissed without prejudice for lack of exhaustion.

## III. ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner for a writ of habeas corpus filed by David Mearis is **DISMISSED** without prejudice for failure to exhaust all available state court remedies before seeking federal habeas corpus relief.

2. Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED.**

---

[3] *See* Texas Court of Criminal Appeals website, at http://www.search.txcourts.gov (last visited Apr. 1, 2019).

3. Because reasonable jurists would not dispute whether the procedural ruling in this case was correct, a certificate of appealability is **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this ____1st____ day of April, 2019.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE